UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALICE ARENA CHILTON, | 1:09-CV-02187 OWW SMS |
|---|---|
| Plaintiff, | ORDER RE PROPOSED ORDER TO SHOW CAUSE AND MOTION FOR TEMPORARY RESTRAINING ORDER (DOC 3) |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, AND DOES 1-20 | |
| Defendants. | |

Plaintiff filed a complaint on December 16, 2009, alleging that Defendant, Federal National Mortgage Association, violated unspecified provisions of federal law within "Title 15 U.S.C. and/or Title 18 U.S.C." because Defendant initiated non-judicial foreclosure on her property, located in Clovis, California, without "possess[ing] the genuine original note." Doc. 1 at 2. She advances no other bases for relief. *See generally id.*

Plaintiff, who appears *pro se*, has applied for leave to proceed *in forma pauperis*. Doc. 2, filed Dec. 16, 2009. That application has not yet been acted upon, and summons has not yet been served on any Defendant.

Plaintiff has also filed an "order to show cause and motion

1

PDF created with pdfFactory trial version www.pdffactory.com

for temporary restraining order," in an attempt to block the foreclosure process.  Doc. 3, filed Dec 16. 2009.  Among other things, to obtain temporary or permanent injunctive relief, a plaintiff must demonstrate likelihood of success on the merits. *See Winter v. NRDC*, --- U.S. ---, 129 S. Ct. 365 (2008); *Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).

Here, Plaintiff's only legal theory has been resoundingly rejected as a basis for relief.  It is well-established that non-judicial foreclosures can be commenced without producing the original promissory note. Non-judicial foreclosure under a deed of trust is governed by California Civil Code § 2924, *et seq*. Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  California courts have held that the Civil Code provisions "cover every aspect" of the foreclosure process, *I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985), and are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994).  There is no requirement that the party initiating foreclosure be in possession of the original note. *See, e.g., Nool v. HomeQ Servicing*, --- F.Supp.2d ----, 2009 WL 2905745 (Sep. 4 2009)("There is no requirement that the party initiating foreclosure be in possession of the original note."); *Candelo v. NDEX West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to

PDF created with pdfFactory trial version www.pdffactory.com

produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also Phillips v. MERS Mortgage Electronic Registration Systems*, 2009 WL 3233865, 9 (E.D. Cal. 2009); *Vargas v. Reconstruction Co.*, 2008 U.S. Dist. LEXIS 100115, at *8-9 (E.D. Cal. Dec. 1, 2008).

Plaintiff's reliance on *Landmark National Bank v. Kessler*, 216 P.3d 158, 2009 Kan. LEXIS 834 (Kan. 2009), is misplaced. That case concerned a company, Mortgage Electronic Registration Systems, Inc. ("MERS"), that acted on behalf of a lender to finalize a second mortgage on Kessler's home.  For procedural reasons not relevant to the present case, it became necessary for the Kansas court to determine whether MERS possessed an interest in the second mortgage, eventually concluding that under the specific facts of that case, MERS was more like an agent than a buyer/owner of the note.  *Id.* at 168-69.  In reaching this conclusion, the *Landmark* court noted:

> Indeed, in the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable.
>
> "The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. [Citation omitted.] Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note

3

PDF created with pdfFactory trial version www.pdffactory.com

```
                    is entitled to payment of the underlying obligation.
                    [Citation omitted.] The mortgage loan becomes
                    ineffectual when the note holder did not also hold the
                    deed of trust." Bellistri v. Ocwen Loan Servicing,
                    LLC, 284 S.W.3d 619, 623 (Mo. App. 2009).
```

*Id*. at 166-67.  This language merely stands for the proposition that one possessing the deed of trust cannot foreclose on a mortgage without (1) also possessing some interest in the promissory note, or (2) obtaining permission to act as agent of the note-holder.  This has nothing whatsoever to do with possession of the "original" promissory note document, i.e., the original piece of paper with original signatures, etc., the possession of which is not required to initiate non-judicial foreclosure in California.

Because Plaintiff cannot possibly establish any likelihood of success on her current claim for relief, it is not necessary to set her motion for temporary injunctive relief for hearing.  Her motion is DENIED.


IT IS SO ORDERED:



Dated: December 22, 2009        /s/ OLIVER W. WANGER
                                United States District Court Judge

**4**

PDF created with pdfFactory trial version www.pdffactory.com